UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DRAKE,<br><br>    Plaintiff,<br><br>    v.<br><br>HAIER US APPLIANCE SOLUTIONS INC.,<br><br>    Defendant. | Case No. 23-cv-00939-AMO<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 48 |

Before the Court is Plaintiff Charles Drake's Motion for Reconsideration of Certain Aspects of the Court's Order on Defendant's Motion to Dismiss. The matter is fully briefed and suitable for decision without oral argument. Civ. L.R. 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby rules as follows.

## I.    BACKGROUND

Drake brought this lawsuit on behalf of a putative class of consumers who purchased Defendant's gas stoves, ovens, and range products. Compl. (ECF 1) ¶ 5. Defendant Haier US Appliance Solutions Inc. ("Haier") responded by moving to dismiss the complaint. ECF 20. Following briefing of the motion and a hearing, the Court granted in part and denied in part Haier's motion to dismiss. ECF 37. Relevant here, the Court dismissed with prejudice Drake's claims for violation of California's Unfair Competition Law (Count 1), violation of California's False Advertising Law (Count 2), violation of California's Consumer Legal Remedies Act (Count 3), and fraudulent omission (Count 7). ECF 37 at 15-16.

1    Drake requested, and was granted, leave to file a motion for reconsideration on the Court's
2    dismissal of his California statutory consumer protection claims.  ECF 42, ECF 45, ECF 48.  Haier
3    opposes reconsideration.  ECF 49.

**II.    DISCUSSION**

A motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments.  *See* Civ. L.R. 7-9(b).  Reconsideration is an extraordinary remedy that should be granted only in "highly unusual circumstances."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).

Drake here proceeds under the third ground for reconsideration, arguing that the Court failed to consider dispositive legal arguments as well as Defendant's admission that Proposition 65 does not bar Plaintiff's fraud-based claims to the extent they are based on nitrogen dioxide.  However, Drake fails to identify any material facts or dispositive legal arguments that the Court did not consider.

In its order on Defendant's motion to dismiss, the Court held that Plaintiff's fraud-based claims were entirely derivative of a Proposition 65 violation and dismissed them with prejudice on the basis that Plaintiff did not comply with Proposition 65's pre-suit notice requirements.  ECF 37 at 14-16.  Courts in the Ninth Circuit bar relief where a plaintiff's statutory claim inappropriately attempts to "plead around" an unspoken Proposition 65 claim.  *Sciortino v. PepsiCo, Inc.*, 108 F. Supp. 3d 780, 793 (N.D. Cal. 2015).  Accordingly, a lack of pre-suit notice bars a claim if it is "totally dependent on establishing a Proposition 65 violation."  *Id.*  When plaintiffs "assert claims independent of Proposition 65," these claims are not barred by a lack of pre-suit notice.  *Id.* at 792.

Drake contends that his fraud-based claims are based on the emission of nitrogen dioxide from Haier's products, a chemical that is not listed under Proposition 65.  *See* Compl. (ECF 1) ¶ 32 ("Defendant should have, but did not, warn consumers of the risk of nitrogen oxides.").  The

1    chemicals subject to Proposition 65 are specifically listed in the applicable regulations. Cal. Code
2    Regs. Tit. 27, § 27001 (listing Proposition 65 chemicals). Nitrogen dioxide is not listed. *Id.*
3    Drake emphasizes that Haier conceded during the hearing on the motion to dismiss that
4    Proposition 65 would bar Drake's claims only to the extent those claims are based on Proposition
5    65-listed chemicals, and not to the extent they are based solely on nitrogen dioxide. ECF 48-1
6    (Hearing Transcript) at 12:19-25 ("nitrogen dioxide is not a Prop 64 [sic] chemical, so if their
7    claim is based solely on nitrogen dioxide, the Prop 65 argument doesn't apply to that."). Drake
8    avers in this motion that the Court failed to consider this concession in reaching its conclusions.

9         But as noted in the Court's original order, Drake asks the Court to ignore the portions of
10   his Complaint that reach beyond nitrogen oxides to describe emissions of chemicals that are
11   included on the Proposition 65 list. Plaintiff's instant motion reinforces the Court's earlier
12   determination because, rather than identifying legal authority the Court failed to consider, Plaintiff
13   argues that the Court should focus on his allegations regarding nitrogen dioxide and Haier's
14   concessions regarding the same. His allegations combined several pollutants and alleged health
15   risks implicating Proposition 65 into a single purported "defect" (*see* Compl. ¶¶ 22, 32, 33, 41),
16   and he alleged Haier violated the UCL, FAL, and CLRA by failing to disclose this amalgamated
17   "defect" (*id.* ¶¶ 63, 68, 70, 71, 73, 76, 80, 86, 88, 90, 92). Drake cannot turn a Proposition 65
18   claim arising from a failure to warn about a grab bag of harmful listed chemicals into claims under
19   the UCL, FAL, and CLRA by arguing that he meant to narrowly refer to the harm posed by a
20   single chemical not listed in Proposition 65. This was the reasoning behind the Court's earlier
21   determination. Plaintiff does not argue that the Court was incorrect for considering the various
22   Proposition 65-listed chemicals incorporated into his Complaint by reference. Drake presents no
23   legal authority that the Court overlooked or authority that suggests an alternative interpretation.
24   Drake thus fails to identify a manifest failure by the Court to consider material facts or dispositive
25   legal arguments. *See* Civ. L.R. 7-9(b).

26        Drake additionally argues that his fraud-based claims are based on the risk of respiratory
27   illnesses and asthma, taking them outside the territory of Proposition 65. *See* Compl. ¶¶ 17, 20.
28   But this is inaccurate. Drake repeatedly alleged that Haier's gas stoves emit Proposition 65-listed

"air pollutants" linked to "cancer" and "poorer birth outcomes[,]" including carbon monoxide, benzene, hexane, toluene, and formaldehyde. *See, e.g.*, Compl. (ECF 1) ¶¶ 1, 1 n.3, 17, 19, 19 n.1). None of Drake's claims are limited to nitrogen dioxide, and they instead broadly allege that Haier failed to disclose all these Proposition 65 "health-harming pollutants" and risks. *See* Compl. ¶¶ 65, 70, 71, 76, 86, 88, 90). Drake fails to identify a manifest failure by the Court to consider material facts or dispositive legal arguments. *See* Civ. L.R. 7-9(b).

In his motion for reconsideration, Drake posits that his statutory claims are based not just on a failure to warn, but also on affirmative misrepresentations. *See* ECF 48 at 2. The Court earlier found that Drake (i) "fail[ed] to plead . . . a duty to disclose the fact of the emissions to him[,]" (ii) "ha[d] not identified any affirmative misrepresentation[,]" and (iii) alleged no facts showing that Haier "knew of the alleged defect underlying this lawsuit." ECF 37 at 11-12. On this basis as well, Drake fails to identify any dispositive legal arguments that the Court failed to consider in the first instance. Drake ultimately fails to carry his burden under Civil Local Rule 7-9(b).

### III. CONCLUSION

As stated in the Court's original order dismissing Drake's fraud-based claims for failure to comply with Proposition-65's pre-suit notice requirements, his "argument engages in inappropriate revisionism" regarding the contents of his own Complaint. ECF 37 at 15. Drake's motion for reconsideration suffers from the same revisionism. For the reasons stated above, including his failure to identify material facts or dispositive legal arguments that the Court did not earlier consider, the Court **DENIES** Plaintiff's motion for reconsideration. Plaintiff may file an amended complaint within 30 days from the date of this order.

**IT IS SO ORDERED.**

Dated: May 20, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**