Robert J. Herrington (SBN 234417)
*herringtonr@gtlaw.com*
Michael E. McCarthy (SBN 301010)
*mccarthyme@gtlaw.com*
GREENBERG TRAURIG, LLP
1840 Century Park East, 19th Floor
Los Angeles, CA 90067-2121
Telephone: 310-586-7700
Facsimile: 310-586-7800

Attorneys for Defendant
HAIER US APPLIANCE SOLUTIONS INC.
d/b/a/ GE APPLIANCES

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLES DRAKE, Individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>HAIER US APPLIANCE SOLUTIONS INC.,<br><br>                    Defendant. | CASE NO. 3:23-CV-00939-AMO<br><br>Hon. Araceli Martínez-Olguín<br><br>**DEFENDANT HAIER US APPLIANCE SOLUTIONS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declaration of Michael E. McCarthy; [Proposed] Order filed concurrently]<br><br>DATE: January 9, 2025<br>TIME: 2:00 p.m.<br>PLACE: 450 Golden Gate Avenue, Courtroom 10<br>           San Francisco, CA 94102<br><br>Action Filed: March 2, 2023 |

## NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 9, 2025, at 2:00 p.m.,[1] in Courtroom 10 of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Haier US Appliance Solutions Inc. d/b/a GE Appliances ("GE Appliances") will move this Court for an Order dismissing the claims in Plaintiff Charles Drake's First Amended Complaint ("FAC") under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 12(f) and 23(d)(1)(D). This Motion is made on these grounds:

(1) The FAC should be dismissed because Drake alleges no facts showing his stove is unmerchantable.

(2) The FAC should be dismissed because Drake improperly tries to "plead around" the pre-suit requirements of California Proposition 65, now under the guise of an implied warranty claim.

(3) Drake's U.C.C. implied warranty claim also fails because (i) he does not allege ever seeking (or being denied) warranty coverage, and (ii) he lacks privity with GE Appliances.

(4) All requests for injunctive relief should be dismissed because Drake does not allege facts showing a concrete, imminent threat of future injury to himself.

(5) If any claims survive dismissal, the nationwide class allegations in the FAC should be dismissed or stricken because (i) Drake lacks standing to assert any claim on a nationwide basis, and (ii) choice-of-law principles also preclude a nationwide class action.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Michael E. McCarthy and Proposed Order, all pleadings, and upon such other oral or written materials as may be presented to the Court at or before the hearing on this Motion.

Dated: August 2, 2024

GREENBERG TRAURIG, LLP

By: */s/ Robert J. Herrington*
    Robert J. Herrington
Attorneys for Defendant
HAIER US APPLIANCE SOLUTIONS INC.
d/b/a GE APPLIANCES

---

[1] This hearing date was selected based on the Court's online Scheduling Notes, which indicated that the earliest available hearing date on the Court's civil motion calendar is in January 2025.

## **TABLE OF CONTENTS**

I.  INTRODUCTION AND STATEMENT OF ISSUES (CIV. L.R. 7-4(A)(3)) ................................. 1

II.  SUMMARY OF PLAINTIFF'S AMENDED ALLEGATIONS ....................................... 3

III.  PROCEDURAL BACKGROUND.......................................................................... 4

IV.  ALL DRAKE'S CLAIMS SHOULD BE DISMISSED ........................................ 5

    A.  Motion to Dismiss Standard.................................................................... 5

    B.  The Gist of the FAC Contradicts Drake's Unmerchantability Claims. ............................... 5

    C.  Drake Improperly Tries to Reassert His Failure-to-Warn Theory under the Guise of Implied Warranty Claims, Again Violating Proposition 65. ................................. 9

    D.  Drake's U.C.C. Implied Warranty Claim Fails for Additional Reasons. ......................... 11

        1.  Drake never sought or was denied warranty coverage. .......................... 11

        2.  Drake's U.C.C. implied warranty claim also fails for lack of privity.................... 12

    E.  Drake Has No Basis For Injunctive Relief. ................................................ 13

    F.  The Nationwide Class Allegations Should Be Stricken. .................................... 14

        1.  The Court should strike the nationwide class allegations for lack of standing....... 15

        2.  Choice-of-law principles also preclude a nationwide action. ................................. 16

V.  CONCLUSION............................................................................................. 19

# TABLE OF AUTHORITIES

**Cases**

*Acedo v. DMAX, Ltd.*,
   2015 WL 12696176 (C.D. Cal. Nov. 13, 2015) ....................................................................7, 8

*Arabian v. Organic Candy Factory*,
   2018 WL 1406608 (C.D. Cal. Mar. 19, 2018) ..........................................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................................5

*Augustine v. Talking Rain Bev. Co.*,
   386 F. Supp. 3d 1317 (S.D. Cal. 2019) ....................................................................................17

*Backus v. Gen. Mills*,
   122 F. Supp. 3d 909 (N.D. Cal. 2015) .......................................................................................9

*Barrera v. Samsung Elecs. Am., Inc.*,
   2018 WL 10759180 (C.D. Cal. Dec. 7, 2018) ......................................................................3, 13

*Birdsong v. Apple, Inc.*,
   590 F.3d 955 (9th Cir. 2009) ....................................................................................................7

*Broomfield v. Craft Brew All., Inc.*,
   2017 WL 3838453 (N.D. Cal. Sep. 1, 2017) ...........................................................................15

*Bryan v. Del Monte Foods*, Inc.,
   2023 WL 4758452 (N.D. Cal. July 25, 2023) ..........................................................................15

*Burdt v. Whirlpool Corp.*,
   2015 WL 4647929 (N.D. Cal. Aug. 5, 2015) ............................................................................7

*Cain v. Johnson Health Tech. N. Am., Inc.*,
   2023 U.S. Dist. LEXIS 109026 (C.D. Cal. June 23, 2023) .......................................................2

*Canlas v. United States Dep't of the Treasury*,
   2020 WL 6684851 (N.D. Cal. Nov. 12, 2020) ..........................................................................5

*Carpenter v. Petsmart, Inc.*,
   441 F. Supp. 3d 1028 (S.D. Cal. 2020)....................................................................................15

*Clemens v. DaimlerChrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008) .................................................................................................12

*Cover v. Windsor Surry Co.*,
   2016 WL 520991 (N.D. Cal. Feb. 10, 2016) ...........................................................................17

*Crown Cell Inc. v. Ecovacs Robotics Inc.*,
  2022 WL 4087512 (N.D. Cal. Sep. 6, 2022) ...................................................................12

*Darisse v. Nest Labs, Inc.*,
  2016 WL 4385849 (N.D. Cal. Aug. 15, 2016) ................................................................18

*Datel Holdings Ltd. v. Microsoft Corp.*,
  712 F. Supp. 2d 974 (N.D. Cal. 2010) ............................................................................2

*Davison v. Kia Motors Am., Inc.*,
  2015 WL 3970502 (C.D. Cal. June 29, 2015) ...............................................................17

*Easter v. Am. W. Fin.*,
  381 F.3d 948 (9th Cir. 2004) .........................................................................................15

*Elsayed v. Maserati N. Am., Inc.*,
  215 F. Supp. 3d 949 (C.D. Cal. 2016) .............................................................................2

*Fishman v. GE*,
  2014 WL 1628369 (D.N.J. Apr. 23, 2014) ....................................................................12

*Frenzel v. AliphCom*,
  76 F. Supp. 3d 999 (N.D. Cal. 2014) ................................................................2, 11, 12

*Gagetta v. Walmart, Inc.*,
  646 F. Supp. 3d 1164 (N.D. Cal. 2022) ................................................................1, 5, 6, 7

*Galitski v. Samsung Telecomms. Am., LLC*,
  2013 WL 6330645 (N.D. Tex. Dec. 5, 2013) ................................................................12

*Granfield v. Nvidia Corp.*,
  2012 WL 2847575 (N.D. Cal. July 11, 2012) ................................................................15

*Grausz v. Hershey Co.*,
  2024 WL 312688 (S.D. Cal. Jan. 25, 2024) .....................................................................6

*Gutierrez v. Johnson & Johnson Consumer, Inc.*,
  2020 WL 6106813 (S.D. Cal. Apr. 27, 2020) ................................................................10

*Hadley v. Kellogg Sales Co.*,
  243 F. Supp. 3d 1074 (N.D. Cal. 2017) .........................................................................14

*Hageman v. Hyundai Motor Am.*,
  2024 WL 694378 (C.D. Cal. Jan. 5, 2024) ....................................................................18

*Hanna v. Walmart Inc.*,
  2020 WL 7345680 (C.D. Cal. Nov. 4, 2020) .....................................................11, 13, 14

*Hanscom v. Reynolds Consumer Prods. LLC*,
　2022 WL 591466 (N.D. Cal. Jan. 21, 2022) ...................................................... 14

*Harris v. CVS Pharmacy, Inc.*,
　2015 WL 4694047 (C.D. Cal. Aug. 6, 2015) ...................................................... 15

*Harris v. R.J. Reynolds Vapor Co.*,
　2016 WL 6246415 (N.D. Cal. Sep. 30, 2016) .................................................... 10

*Hoffman v. Ford Motor Co.*,
　2021 WL 3265010 (C.D. Cal. Mar. 31, 2021) .................................................... 13

*In re Aftermarket Auto. Lighting Products Antitrust Litig.*,
　2009 WL 9502003 (C.D. Cal. July 6, 2009) ...................................................... 15

*In re Nexus 6P Prods. Liab. Litig.*,
　293 F. Supp. 3d 888 (N.D. Cal. 2018) ........................................................ 13, 16

*In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*,
　298 F. Supp. 3d 1285 (N.D. Cal. 2018) .............................................................. 6

*Jackson v. Suzuki Motor of Am., Inc.*,
　2024 U.S. Dist. LEXIS 120502 (C.D. Cal. July 9, 2024) .............................. 17, 18

*Jones v. Micron Tech., Inc.*,
　400 F. Supp. 3d 897 (N.D. Cal. 2019) .............................................................. 16

*Kahn v. FCA US LLC*,
　2019 WL 3955386 (C.D. Cal. Aug. 2, 2019) ...................................................... 8

*Kerkorian v. Samsung Elecs. Am., Inc.*,
　2019 WL 6918293 (E.D. Cal. Dec. 18, 2019) .................................................... 2

*Ketayi v. Health Enrollment Grp.*,
　2021 WL 2864481 (S.D. Cal. July 8, 2021) ...................................................... 14

*Klein v. Ljubljana Inter Auto D.O.O.*,
　2021 WL 6424917 (C.D. Cal. Sep. 13, 2021) .................................................... 8

*Krystofiak v. BellRing Brands, Inc.*,
　2024 WL 3012801 (N.D. Cal. June 14, 2024) ............................................ 1, 6, 7

*Lee v. Toyota Motor Sales, U.S.A., Inc.*,
　992 F. Supp. 2d 962 (C.D. Cal. 2014) ................................................................ 7

*Levay Brown v. AARP, Inc.*,
　2018 WL 5794456 (C.D. Cal. Nov. 2, 2018) .................................................... 14

*Lewis v. Casey*,
   518 U.S. 343 (1996) .................................................................................................................16

*Lowe v. Edgewell Pers. Care Co.*,
   2024 WL 150758 (N.D. Cal. Jan. 12, 2024) ...........................................................................5

*Mazza v. Am. Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012) ..........................................................................................17, 18

*McGee v. Mercedes-Benz USA, LLC*,
   612 F. Supp. 3d 1051 (S.D. Cal. 2020) ...................................................................................7

*McGill v. Ford Motor Co.*,
   2024 WL 2941632 (N.D. Cal. June 11, 2024) ......................................................................13

*McKinney v. Corsair Gaming, Inc.*,
   646 F. Supp. 3d 1133 (N.D. Cal. Dec. 16, 2022) .................................................................18

*Moceck v. Alfa Lesiure, Inc.*,
   114 Cal. App. 4th 402 (2003) .................................................................................................8

*Mollicone v. Universal Handicraft, Inc.*,
   2017 WL 440257 (C.D. Cal. Jan. 30, 2017) .........................................................................16

*Nguyen v. Nissan N. Am., Inc.*,
   2017 WL 1330602 (N.D. Cal. Apr. 11, 2017) ......................................................................16

*Pardini v. Unilever United States, Inc.*,
   961 F. Supp. 2d 1048 (N.D. Cal. 2013) ...............................................................................17

*Pascal v. Nissan N. Am., Inc.*,
   2021 WL 8441763 (C.D. Cal. July 8, 2021) .........................................................................13

*Phan v. Sargento Foods, Inc.*,
   2021 WL 2224260 (N.D. Cal. June 2, 2021) ........................................................................19

*Pisano v. Am. Leasing*,
   146 Cal. App. 3d 194 (1983) ...................................................................................................1

*Przybylak v. Bissell Better Life, LLC*,
   2019 WL 8060076 (C.D. Cal. July 19, 2019) ......................................................................15

*Red v. Gen. Mills, Inc.*,
   2015 WL 9484398 (C.D. Cal. Dec. 29, 2015) ................................................................5, 6, 7

*Roberts v. Wyndham Int'l, Inc.*,
   2012 WL 6001459 (N.D. Cal. Nov. 30, 2012) .....................................................................14

v

*Rodriguez v. Endangered Species Chocolate, LLC*,
    2024 WL 3157284 (S.D. Cal. Mar. 19, 2024) ................................................. 10, 11

*Ruegsegger v. Caliber Home Loans*,
    2019 WL 8163640 (C.D. Cal. Jan. 8, 2019) ......................................................14

*S.P. Grp. v. Monsanto Chem. Co.*,
    No. B136167, 2003 WL 463535 (Cal. Ct. App. Feb. 25, 2003) .............................5

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) ..............................................................15

*Shay v. Apple Inc.*,
    512 F. Supp. 3d 1066 (S.D. Cal. 2021) ..............................................................13

*Simon v. E. Ky. Welfare Rights Org.*,
    426 U.S. 26 (1976)..........................................................................................16

*Sloan v. GM, LLC*,
    287 F. Supp. 3d 840 (N.D. Cal. 2018) ................................................................8

*Stewart v. Electrolux Home Prods.*, Inc.,
    304 F. Supp. 3d 894 (E.D. Cal. 2018)................................................................8

*Taragan v. Nissan N. Am., Inc.*,
    2013 WL 3157918 (N.D. Cal. June 20, 2013) ......................................................8

*Troup v. Toyota Motor Corp.*,
    545 F. App'x 668 (9th Cir. 2013) ......................................................................7

*Van Mourik v. Big Heart Pet Brands, Inc.*,
    2018 WL 1116715 (N.D. Cal. Mar. 1, 2018)......................................................17

*Vinci v. Hyundai Motor Am.*,
    2018 WL 6136828 (C.D. Cal. Apr. 10, 2018) ....................................................17

*Vitiosus v. Alani Nutrition, LLC*,
    2022 WL 2441303 (S.D. Cal. July 5, 2022) ......................................................16

*Watkins v. MGA Ent., Inc.*,
    574 F. Supp. 3d 747 (N.D. Cal. 2021) ..............................................................13

*Weeks v. Google LLC*,
    2018 WL 3933398 (N.D. Cal. Aug. 16, 2018) ....................................................12

*Zinser v. Accufix Research Inst.*,
    253 F.3d 1180 (9th Cir. 2001) ........................................................................18

**Statutes**

Cal. Code Regs. Tit. 27, § 27001 ...................................................................................... 11

Cal. Com. Code § 2106(1) ............................................................................................... 9

Cal. Com. Code § 2314(2)(e) ........................................................................................ 2, 9

Cal. Com. Code § 2719 ................................................................................................... 11

Cal. Health & Saf. Code § 25249.7(d) ........................................................................... 10

**Rules**

Fed. R. Civ. P. 12(f) ....................................................................................................... 14

Fed. R. Civ. P. 23(d)(1)(D) ............................................................................................ 14

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION AND STATEMENT OF ISSUES (CIV. L.R. 7-4(A)(3))

3

After the Court granted GE Appliances' motion to dismiss and rejected Plaintiff's motion for

4

reconsideration, the only remaining claims are for breach of the implied warranty of merchantability.[2]

5

Based on the allegations in the First Amended Complaint ("FAC"), these claims should be dismissed.

6

Charles Drake alleges he bought a GE Appliances gas stove in November 2022. He does not allege that his

7

stove fails to work or that he stopped using his stove. He does not allege that his stove functions differently

8

than the tens of millions of gas stoves in other American homes.[3] And he does not allege that his stove has

9

harmed—or even come close to harming—anyone or anything by emitting pollutants or otherwise. Yet

10

Drake claims his stove is somehow "unmerchantable" and that GE Appliances breached the implied

11

warranty. As amended, these claims have no factual support and seek to upend basic unmerchantability

12

standards. They also ignore the Court's ruling that Drake cannot assert disguised Proposition 65 claims,

13

which he tries to do again by claiming that the purported lack of a warning label is a breach of warranty.

14

Drake has not stated any claim, and the FAC should be dismissed for the reasons below.

15

### Drake alleges no facts showing a breach of implied warranty

16

Drake fails to allege facts showing that his stove is unmerchantable. (Section IV.B.) "'Crucial to

17

the [merchantability] inquiry is whether the product conformed to the standard performance of like

18

products used in the trade.'" *Gagetta v. Walmart, Inc.*, 646 F. Supp. 3d 1164, 1178 (N.D. Cal. 2022)

19

(quoting *Pisano v. Am. Leasing*, 146 Cal. App. 3d 194, 198 (1983)). But instead of claiming that his stove

20

failed to perform like other similar products, Drake attacks the entire gas stove industry, alleging that all

21

gas stoves are defective and that his stove is no different. This theory is the *opposite* of unmerchantability,

22

with Drake alleging that his stove performs just like similar products used in the trade. *See, e.g.*, *Krystofiak*

23

*v. BellRing Brands, Inc.*, 2024 WL 3012801, at *11 (N.D. Cal. June 14, 2024) ("[T]he Court is not

24

persuaded that the Products are any different from other products in the market or would otherwise be

25

26

[2] "GE Appliances" refers to Defendant Haier US Appliance Solutions Inc. d/b/a GE Appliances.

27

[3] *See* United States Energy Information Administration, *Highlights for appliances in US homes by state, 2020* (Final data release date: March 2023), available at

28

https://www.eia.gov/consumption/residential/data/2020/state/pdf/State%20Appliances.pdf.

objected to in the trade or industry."). Drake also alleges no facts showing he has been unable to use his stove or had a stove problem of any kind. Again, this is the converse of unmerchantability, which involves a product "whose behavior is deviant, not commonplace[,]" thus preventing common usage. *Elsayed v. Maserati N. Am., Inc.*, 215 F. Supp. 3d 949, 964 (C.D. Cal. 2016).

### Drake again pleads disguised California Proposition 65 claims

Drake also appears to claim that GE Appliances breached the implied warranty of merchantability by not including a warning label. (*See, e.g.*, FAC ¶¶ 61, 72.) Any such theory fails. Drake alleges no packaging or labeling required by any sale "agreement" between the parties. *See* Cal. Com. Code § 2314(2)(e). The Court has also rejected these failure-to-warn allegations as an improper attempt to circumvent Proposition 65. (ECF No. 37 at pp. 14-15, ECF No. 52.) Ignoring these rulings, Drake now alleges, without even trying to comply with Proposition 65 requirements, that GE Appliances is liable for not including a pollutant warning label on his stove. (FAC ¶¶ 32-34, 61-63, 72-73.) These claims should be dismissed for the reasons the Court explained before. (Section IV.C.)

### Drake's U.C.C. implied warranty claim fails for two more reasons

Drake's implied warranty claim under the U.C.C. (Count II) has two additional deficiencies.

***First***, Drake's stove came with an express warranty providing the "sole and exclusive remedy" under the bold, all-capitalized heading, "**EXCLUSION OF IMPLIED WARRANTIES**." (McCarthy Decl., Ex. A at p. 26.)[4] When, as here, an express warranty provides the exclusive remedy, a consumer must at least seek warranty coverage before asserting warranty claims under the U.C.C. *See Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1020 (N.D. Cal. 2014). Drake alleges no facts showing he sought warranty service from GE Appliances during the warranty period (or at any time), or any refusal by GE Appliances to provide warranty coverage. This alone requires dismissal. (Section IV.D.1.)

---

[4]  The Court may consider the Limited Warranty in the Owner's Manual for Drake's stove (attached as Exhibit A to the McCarthy Declaration) because Drake alleges relying upon the written materials for his stove (FAC ¶ 40), the document is publicly available online, and it is relevant to considering Drake's alleged claims. *See, e.g.*, *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983-84 (N.D. Cal. 2010) (considering limited warranty on motion to dismiss); *Kerkorian v. Samsung Elecs. Am., Inc.*, 2019 WL 6918293, at *3 (E.D. Cal. Dec. 18, 2019) (similar); *Cain v. Johnson Health Tech. N. Am., Inc.*, 2023 U.S. Dist. LEXIS 109026, at *7 (C.D. Cal. June 23, 2023) ("Courts regularly incorporate by reference owner's manuals and the warranty terms in them.").

**_Second_**, privity is required for U.C.C. implied warranty claims in California. *See Barrera v. Samsung Elecs. Am., Inc*., 2018 WL 10759180, at *10-11 (C.D. Cal. Dec. 7, 2018). But Drake alleges that he bought from a third-party retailer. (FAC ¶ 39.) Thus, he also has not alleged and cannot allege privity with GE Appliances. (Section IV.D.2.)

### Drake fails to state any claim for injunctive relief

Drake cannot bring any claim for prospective injunctive relief because he does not allege a concrete and imminent threat of future injury to himself, as required. (Section IV.E.)

### Drake cannot assert nationwide class allegations

Finally, the Court should strike or dismiss Drake's nationwide class allegations for two independent reasons. **_First_**, Drake lacks standing to assert any claims on a nationwide basis. (Section IV.F.1.) **_Second_**, material differences in state law preclude applying California law to a nationwide class. (Section IV.F.2.)

## II.    SUMMARY OF PLAINTIFF'S AMENDED ALLEGATIONS

Drake's FAC begins with the alleged premise that basically every gas-fueled stove in the United States is "defective" and "unmerchantable." (*See FAC* ¶¶ 1, 4, 33-34, 38, 42, 64, 72-73.) He claims that gas stoves emit "air pollutants . . . linked to respiratory illness, cardiovascular problems, cancer, and other health conditions." (*Id.* ¶¶ 1, 13, 16-17.)[5] Drake alleges that gas stoves emit Proposition 65-listed "air pollutants" linked to "cancer" and "poorer birth outcomes[,]" including carbon monoxide, benzene, hexane, toluene, and formaldehyde. (*See id.* ¶¶ 1, 1 n.3, 17, 19, 19 n.10.) His allegations combine several "pollutants" and alleged health risks into a single purported "defect" (*see id.* ¶¶ 22, 33, 34, 42), and he alleges GE Appliances breached the implied warranty of merchantability by selling a gas stove with this amalgamated "defect." (*See id.* ¶¶ 61-65, 72-76.)

Aside from sweeping allegations attacking the gas stove industry, Drake alleges almost nothing about his own stove. He claims he bought a GE Appliances gas stove in November 2022 from a third-party

---

[5] Drake's counsel has filed nearly identical claims against several other gas stove manufacturers, claiming all stoves are defective simply because they burn natural gas when cooking food. These matters include: (i) *Hedrick v. BSH Home Appliances Corp.*, 8:23-cv-00358-JWH-JDE (C.D. Cal., filed 3/1/2023); (ii) *Goldstein v. Whirlpool Corp.*, 2:23-cv-04752-JWH-JDE (C.D. Cal., filed 6/16/2023); (iii) *Norris v. Samsung Elecs. Am., Inc.*, 5:23-cv-01496-JWH-JDE (C.D. Cal., filed 7/28/2023); and (iv) *Bankhurst v. Wolf Appliance, Inc.*, 3:23-cv-00253-JDP (W.D. Wis., filed 4/21/2023).

retailer (Poletski's Home Appliances) in Eureka, California. (*Id*. ¶ 39.) He generically alleges reviewing unidentified "marketing materials" and the "instruction manual, installation guide, and stickers" for his stove. (*Id*. ¶ 40.) But he alleges no facts at all about what happened after the purchase. He does not allege ever having a problem using his stove. (*Id*. ¶¶ 39-43.) He does not allege he ever stopped using the stove. (*Id*.) He alleges nothing about what specific "pollutants" supposedly come from his stove, in what quantities, or how (if at all) they impact usage. (*Id*.) He alleges no facts about the kitchen windows, fans, or other ventilation in his home. (*Id*.) He does not allege whether he uses a range hood. (*Id*.) He also does not allege that the supposed "harmful pollutants" from his stove have in fact harmed anyone, at any time, or in any way. (*Id*.)

Based on these generic allegations, Drake claims that GE Appliances breached the implied warranty of merchantability. (*Id*. ¶¶ 55-76.) But he does not allege that his stove performs any differently than the tens of millions of gas stoves in other American homes. (*Id*. ¶¶ 39-43.) He also does not allege ever contacting GE Appliances to assert a warranty claim, even though the warranty for his stove provides the "sole and exclusive remedy" under the bold, all-caps header, "**EXCLUSION OF IMPLIED WARRANTIES**." (McCarthy Decl., Ex. A at p. 26.) These allegations do not state a claim.

### III.    PROCEDURAL BACKGROUND

The FAC is Drake's second pleading attempt. The Court dismissed: (i) Drake's California fraud-based claims (Comp., Counts 1-3, 7); (ii) his claim for violation of other states' consumer protection laws (*id.*, Count 5); (iii) his claim for breach of implied warranty under the Song-Beverly Consumer Warranty Act (SBA) (*id.*, Count 4); (iv) his implied warranty of fitness claim under U.C.C. § 2-314 (*id.*, Count 6); and (v) his unjust enrichment claim (*id.*, Count 8). (ECF No. 37 ("MTD Order").)[6] Drake sought reconsideration (ECF No. 48), which the Court denied (ECF No. 52 ("Reconsideration Order").)

Drake responded by filing his FAC. The FAC omits the dismissed fraud, consumer protection, and unjust enrichment claims, removes an entire section called "[n]o adequate remedy at law," removes sub-class definitions rejected by the Court, and tries to repackage Drake's "failure to warn" theory under the

---

[6] The Court allowed Drake's implied warranty of merchantability claim under U.C.C. § 2-314 (Comp., Count 6), finding that a product that performs as intended can still be unmerchantable if it contains a material safety-related defect. (MTD Order at p. 13.) GE Appliances recognizes the point but expands upon it below, with the case now narrowed to an unmerchantability claim.

guise of implied warranty claims. (*See generally* ECF No. 53-1 (FAC redline); *see also* FAC ¶ 61 ("Defendant's Products did not have the quality that a buyer would reasonably accept, []they lacked any warning . . . and therefore were not merchantable.").)

The FAC contains just two remaining claims: (i) breach of implied warranty of merchantability under the SBA (Count I); and (ii) breach of implied warranty of merchantability under U.C.C. § 2-314 (Count II). (*Id.*) Drake asserts both claims on behalf of the so-called California Subclass, and he also purports to represent a nationwide class as to the U.C.C. claim. (FAC ¶¶ 56, 68.) Both claims fail.

## IV.   <u>ALL DRAKE'S CLAIMS SHOULD BE DISMISSED</u>

### A.   Motion to Dismiss Standard

To survive a motion to dismiss, a complaint must allege sufficient facts to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Canlas v. United States Dep't of the Treasury*, 2020 WL 6684851, at *1 (N.D. Cal. Nov. 12, 2020). "'[T]he non-conclusory 'factual content' and reasonable inferences from that content must be plausibly suggestive of a claim entitling the plaintiff to relief.'" *Lowe v. Edgewell Pers. Care Co.*, 2024 WL 150758, at *4 (N.D. Cal. Jan. 12, 2024).[7]

### B.   The Gist of the FAC Contradicts Drake's Unmerchantability Claims.

Drake alleges no facts showing, or even suggesting, that his stove is unmerchantable. Evaluating whether a product is unmerchantable requires factual allegations allowing a "crucial" comparison against like products sold in the industry. *See Gagetta*, 646 F. Supp. 3d at 1178 ("'Crucial to the [merchantability] inquiry is whether the product conformed to the standard performance of like products used in the trade.'"); *Red v. Gen. Mills, Inc.*, 2015 WL 9484398, *6 (C.D. Cal. Dec. 29, 2015) (noting the same "crucial" inquiry for an implied warranty claim); *S.P. Grp. v. Monsanto Chem. Co.*, No. B136167, 2003 WL 463535, at *14 (Cal. Ct. App. Feb. 25, 2003) ("[C]ourts must look to the industry to assess whether a breach of [implied]

---

[7] Unless otherwise indicated, all internal citations are omitted, and all emphases are added.

warranty has occurred.").[8] An implied warranty claim may lie when plaintiff states facts showing that the product materially deviated from like goods in the trade.[9] But courts reject unmerchantability claims when, as here, plaintiff fails to show that the product performs differently from standard goods. *See, e.g.*, *Gagetta*, 646 F. Supp. 3d at 1179 (dismissing implied warranty claim alleging that herbs and spices contained unsafe levels of toxic metals because plaintiff failed to show these levels differed from like agricultural products); *Krystofiak*, 2024 WL 3012801, at *11 ("Without more, the Court is not persuaded that the Products are any different from other products in the market or would otherwise be objected to in the trade or industry."); *Red*, 2015 WL 9484398, at *6 (dismissing implied warranty claim for similar reasons).

For example, the plaintiff in *Red* alleged that instant mashed potatoes containing partially hydrogenated oils (PHOs) violated the implied warranty of merchantability because consumption of PHOs causes inflammation of internal organs and increases the risk of cardiac disease. 2015 WL 9484398, *1, 6. The plaintiff acknowledged, however, that PHOs in packaged products like instant mashed potatoes "was common practice ten years ago, and is still in use in the trade today." *Id.* at *6. Based on this concession, the court dismissed the claim, noting that plaintiff also had not alleged suffering any cardiac disease caused by the potato products. *Id.*

The same analysis applies here. Drake has not alleged that his stove fails to perform, or that it performs differently than any others in the gas stove industry. As in *Red*, Drake alleges the opposite, including that 40% of American households use gas stoves—every one of which (according to Drake) poses the same purported risk from gas emissions. (*See, e.g.*, FAC ¶¶ 1-4, 13, 16-21.) He claims alternative designs can mitigate the supposed risk, yet he does not identify anyone using those designs. (*Id.* ¶ 29.) In other words, Drake's claim is not that GE Appliances makes gas stoves that *deviate* from industry

---

[8] A "long line of authority permit[s] consideration of unpublished state court decisions as indicative of the proper understanding of state law." *In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, 298 F. Supp. 3d 1285, 1297 n.3 (N.D. Cal. 2018) (collecting cases).

[9] *See, e.g.*, *Grausz v. Hershey Co.*, 2024 WL 312688, at *8-9 (S.D. Cal. Jan. 25, 2024) (defendant's products "[did] not comply with the standards of quality, so as to pass without objection in the trade" because "*many* brands of dark chocolate bars test at [lead and cadmium] levels far below that of [defendant's] [p]roducts.") (emphasis in original); *Arabian v. Organic Candy Factory*, 2018 WL 1406608, at *8 (C.D. Cal. Mar. 19, 2018) (plaintiff adequately alleged that other "'businesses selling similar products either use Real Ingredients in the products that have [similar] statements . . . or refrain from using such statements on the packaging of products that lack Real Ingredients.'").

standards; his claim is that GE Appliances stoves, along with the tens of millions of gas stoves in American homes, are all unmerchantable. (*See id.* ¶¶ 1-2, 13, 16-21, 23-30.) This is not an "unmerchantability" claim at all. Drake alleges that his stove performs just like others in the trade—thus acknowledging that his stove *is* merchantable. *See Gagetta*, 646 F. Supp. 3d at 1178-79; *Red*, 2015 WL 9484398, *6; *Krystofiak*, 2024 WL 3012801, at *11. For this reason alone, Drake's amended implied warranty claims should be dismissed.

The implied warranty claims also should be dismissed because Drake's FAC alleges nothing about *his* gas stove. *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009) (unmerchantability means the "'product lacks even the most basic degree of fitness for ordinary use'"). He alleges nothing about how he has used his stove. (FAC ¶¶ 39-43.) He does not allege he has ever stopped using his stove. (*Id.*)[10] He does not allege the quantities of any supposed emissions from his stove, let alone explain why those quantities pose a health risk. (*Id.*) He alleges nothing about whether the emissions he is concerned about have been or can be mitigated by windows, fans, range hoods, or other ventilation. (*Id.*) He also does not allege that the supposed "pollutants" from his stove have harmed anyone or anything, or even that they affected use of the stove. (*Id.*) The only plausible inference from these allegations is that Drake uses his gas stove without issue and intends to continue doing so — the antithesis of "unmerchantability." *See, e.g.*, *Burdt v. Whirlpool Corp.*, 2015 WL 4647929, at *6 (N.D. Cal. Aug. 5, 2015) (where courts have found unmerchantability, the alleged defect typically "made it *impossible* to operate the goods in a safe condition"); *Troup v. Toyota Motor Corp.*, 545 F. App'x 668, 669 (9th Cir. 2013) (explaining that a plaintiff must allege a defect so severe that it "*drastically* undermine[s] the ordinary operation" of the product).

GE Appliances acknowledges the Court's ruling that a product that performs as designed can be unmerchantable if it has a material safety-related defect. (MTD Order at p. 13.) But there still must be allegations showing that the defect prevented or seriously impeded the *plaintiff's* product usage. *See, e.g.*, *Burdt*, 2015 WL 4647929, at *6 ("Although Plaintiff alleges a safety risk, he alleges a risk that does not make the whole product unfit to serve its ordinary purpose of cooking food."); *Acedo v. DMAX, Ltd.*, 2015 WL 12696176, at *26 (C.D. Cal. Nov. 13, 2015) ("Although Acedo has alleged these safety risks, risks

---

[10] Courts find that continued product use cuts against an unmerchantability claim, especially when the plaintiff fails to allege personally experiencing any supposed defect. *See, e.g.*, *McGee v. Mercedes-Benz USA, LLC*, 612 F. Supp. 3d 1051, 1061 (S.D. Cal. 2020); *Lee v. Toyota Motor Sales, U.S.A., Inc.*, 992 F. Supp. 2d 962, 980 (C.D. Cal. 2014).

alone are not sufficient to state a plausible claim, absent allegations that he has actually experienced the risks."); *Kahn v. FCA US LLC*, 2019 WL 3955386, at *7 (C.D. Cal. Aug. 2, 2019) (dismissing implied warranty claim because, even assuming alleged defect posed a safety concern rendering vehicle unfit for ordinary use, plaintiff did not allege personally experiencing it).

For example, in *Acedo*, plaintiffs alleged that certain GM diesel engine trucks had a defective diesel particulate filter. 2015 WL 12696176, at *2-4. Plaintiffs alleged that the defectively designed filter created several safety risks, including significant fire risk that turned the vehicles into "very real death traps," emission of toxic chemicals and gases into the passenger compartment, driving distractions, and increased risk of traffic accidents. *Id.* at *4-5. Despite the severity of these alleged risks, the court dismissed plaintiffs' implied warranty claim because it did not allege facts showing the vehicles were unfit for ordinary use. *Id.* at *24-25. Canvassing decisions in this Circuit, the court explained that safety risks alone are not enough to state an unmerchantability claim absent allegations that plaintiffs "actually experienced the risks" and that they "materially hindered" plaintiffs' ability to use the product. *Id.* at *25-26.[11]

The MTD Order cites decisions highlighting this point, as well as the deficiencies in Drake's amended allegations. (MTD Order at p. 13.) For example, *Moceck v. Alfa Lesiure, Inc.*, 114 Cal. App. 4th 402 (2003) involved a fifth-wheel travel trailer. The plaintiff and his son each bought the same model trailer, from the same seller, at the same time. *Id.* at 405. The son's trailer was fine, but the father's entire electrical system failed upon delivery—every outlet was inoperable, and the breaker panel emitted sparks and smoke. *Id.* Thus, the plaintiff's trailer was *not* generally accepted in the trade, nor could he use the trailer for its basic purpose. Similarly, in *Sloan v. GM, LLC*, 287 F. Supp. 3d 840 (N.D. Cal. 2018), plaintiffs alleged that certain GM car engines were defective because, unlike standard vehicle engines in the trade, their oil management systems caused damage, misfires, smoke, and catastrophic failures like fires and

---

[11] *Accord Stewart v. Electrolux Home Prods.*, Inc., 304 F. Supp. 3d 894, 913 (E.D. Cal. 2018) ("[I]t cannot be presumed the existence of the defect created a safety hazard if Plaintiffs continued to use the oven despite awareness of the defect."); *Taragan v. Nissan N. Am., Inc.*, 2013 WL 3157918, at *4 (N.D. Cal. June 20, 2013) ("In asserting a [merchantability] claim, however, '[i]t is not enough to allege that a product line contains a defect or that a product is at risk for manifesting this defect; rather, the plaintiffs must allege that their product *actually exhibited the alleged defect.*'") (emphasis in original); *Klein v. Ljubljana Inter Auto D.O.O.*, 2021 WL 6424917, at *4 (C.D. Cal. Sep. 13, 2021) ("But [plaintiff] does not allege any driving difficulties that she presently experienced herself.").

1    sudden shutdown. *Id.* at 850, 879. Plaintiffs also alleged that they had encountered these problems affecting

2    or prohibiting *their* vehicle use (*id.* at 871-72), thus making their vehicles unfit for ordinary use (*id.* at 879).

3         Drake's claims are markedly *dis*similar. He alleges that every gas stove in the trade shares the same

4    supposed "defect," and that his gas stove is industry standard. (FAC ¶¶ 1-2, 13, 16-21, 23-30.) He alleges

5    no facts showing that this purported issue has influenced his usage at all. (*Id.* ¶¶ 39-43.) He does not allege

6    that he stopped using his gas stove, changed his cooking habits, or started using electric cooking appliances.

7    No facts show Drake's stove ever failed to perform or injured anyone—let alone that the stove is "*totally*

8    *unfit*" for its "intended use." *Backus v. Gen. Mills*, 122 F. Supp. 3d 909, 933 (N.D. Cal. 2015). If anything,

9    Drake's allegations contradict the notion of "unmerchantability," and his claims should be dismissed.

10   **C.    Drake Improperly Tries to Reassert His Failure-to-Warn Theory under the Guise of Implied**

11   **Warranty Claims, Again Violating Proposition 65.**

12        Although Proposition 65 normally would have little to do with a properly alleged unmerchantability

13   claim, Drake now claims that GE Appliances somehow breached the implied warranty of merchantability

14   by not placing an emissions warning label on his stove. (*See, e.g.*, FAC ¶¶ 61-63, 72-73.) On its face, this

15   claim fails because Drake has not pointed and cannot point to a sale "contract" or "agreement" between

16   the parties that required a warning label in the first place. *See, e.g.*, Cal. Com. Code § 2314(2)(e) ("Goods

17   to be merchantable must be at least such as . . . [a]re adequately contained, packaged, and labeled ***as the***

18   ***agreement may require***"); Cal. Com. Code § 2106(1) ("contract" or "agreement" means a "sale of

19   goods[,]" which "consists in the passing of title from the seller to the buyer for a price"; "[a] 'present sale'

20   means a sale which is accomplished by the making of the contract").[12] With no agreement that requires a

21   specific label, Drake cannot assert an implied warranty claim based on the alleged absence of one.

22        This amended claim also fails because it is a disguised attempt to state a claim under Proposition

23   65, without complying with Proposition 65's requirements. (*See* ECF No. 52.) Under Proposition 65, "no

24   person in the course of doing business shall knowingly and intentionally expose any individual to a

---

[12] Drake's allegation that he "relied" on "marketing materials" and stove "stickers" is beyond conclusory,
as he does not allege what the materials or stickers were, or anything about a Proposition 65 warning. (*See*
FAC ¶ 40.) The GE Appliances stove webpage that Drake cites *includes* a Proposition 65 warning for
California residents. (*See id.* ¶ 39, citing https://www.geappliances.com/appliance/GE-30-Free-Standing-
Gas-Range-JGBS66DEKWW?rrec=true.)

chemical known to the state to cause cancer or reproductive toxicity without first giving clear and reasonable warning to such individual[.]" *Gutierrez v. Johnson & Johnson Consumer, Inc.*, 2020 WL 6106813, at *3 (S.D. Cal. Apr. 27, 2020). Before bringing a Proposition 65 action, a private party must give 60-day notice with a certificate of merit, and only may sue if there is no action pursued by the California Attorney General or any district or city attorney in the state. *See* Cal. Health & Saf. Code § 25249.7(d). Failure to comply with the strict pre-suit requirement results in dismissal with prejudice. *See Gutierrez*, 2020 WL 6106813, at *3. Further, "[a] party may not avoid the notice requirements by bringing a non-[Proposition 65] claim if the asserted claims are 'entirely derivative of an unspoken Proposition 65 violation.'" *Rodriguez v. Endangered Species Chocolate, LLC*, 2024 WL 3157284, at *3 (S.D. Cal. Mar. 19, 2024) (dismissing implied warranty of merchantability and other claims); *Harris v. R.J. Reynolds Vapor Co.*, 2016 WL 6246415, at *2 (N.D. Cal. Sep. 30, 2016) (a disguised Proposition 65 claim that fails to meet the pre-suit requirements "should be dismissed with prejudice").

The Court dismissed Drake's consumer fraud claims asserting a failure to warn, holding they were "entirely derivative of an unspoken Proposition 65 violation." (ECF No. 37 (MTD Order) at p. 15.) The Court pointed to Drake's allegations that gas stoves emit "air pollutants" linked to "cancer" and "poorer birth outcomes," as well as the Proposition 65-regulated "pollutants" referenced throughout the Complaint and its incorporated articles. (*Id.*) Drake sought reconsideration, and the Court analyzed the issue again, reaching the same conclusion. (ECF No. 52 (Reconsideration Order).) As explained, Drake's "allegations combined several pollutants and alleged health risks implicating Proposition 65 into a single purported 'defect'. . . . [and he] cannot turn a Proposition 65 claim arising from a failure to warn about a grab bag of harmful listed chemicals . . . by arguing that he meant to narrowly refer to the harm posed by a single chemical not listed in Proposition 65." (*Id.* at p. 3.)

Another California district court recently reached a similar conclusion. In *Rodriguez v. Endangered Species Chocolate, LLC*, plaintiff alleged that: defendant sold a variety of dark chocolate bars with unsafe amounts of lead; lead consumption can cause cancer, brain damage, and various other health problems; and defendant failed to disclose the lead presence on the chocolate bar labels. 2024 WL 3157284, at *1. The court dismissed the entire complaint—including implied warranty claims—because it was derivative of an unspoken Proposition 65 violation. *Id.* *3-5. Like this Court, the *Rodriguez* decision rejected attempts

1    to recast the claim, including by listing "other negative health outcomes in addition to cancer." *Id.* at *4;

2    *see also Hanna v. Walmart Inc.*, 2020 WL 7345680, at *2-3 (C.D. Cal. Nov. 4, 2020) (rejecting plaintiff's

3    attempt to recharacterize claim as based on non-Proposition 65 chemicals rather than glyphosate).

4          Ignoring these decisions, Drake tries to reassert his failure-to-warn theory under the guise of an

5    implied warranty claim. (*See, e.g.*, FAC ¶¶ 61-63, 72-73.) He alleges the supposed risks of "cancer" and

6    "poorer birth outcomes" from Proposition 65-listed "air pollutants" like carbon monoxide, benzene,

7    hexane, toluene, and formaldehyde. (*See, e.g.*, *id.* ¶¶ 1, 1 n.3, 17, 19, 19 n.10).[13] His allegations again

8    combine several "pollutants" and alleged health risks into a single purported "defect" (*see id.* ¶¶ 22, 33,

9    34, 42), now alleging that GE Appliances breached implied warranties by not warning of this amalgamated

10   "defect." (*See id.* ¶¶ 61-65, 72-76.) These allegations fail for the same reasons the Court dismissed his other

11   failure-to-warn claims: they are "a deliberate effort to circumvent Proposition 65's notice requirements."

12   (*See* MTD Order at p. 15; Reconsideration Order at pp. 3-4.) That Drake repackaged these allegations as

13   an implied warranty claim is no basis for a different outcome. *See, e.g.*, *Rodriguez*, 2024 WL 3157284, at

14   *1, 4-5 (dismissing implied warranty claim as "unspoken Proposition 65 violation").

15   **D.    Drake's U.C.C. Implied Warranty Claim Fails for Additional Reasons.**

16         Drake's U.C.C. implied warranty claim (Count II) fails for two other reasons. *First*, the express

17   limited warranty for Drake's stove provides his "sole and exclusive remedy," but Drake does not allege

18   that he ever sought or was denied warranty coverage. *Second*, Drake also lacks privity with GE Appliances.

19         **1.    Drake never sought or was denied warranty coverage.**

20         Under the U.C.C., sellers may modify or disclaim the implied warranty of merchantability. *See* Cal.

21   Com. Code § 2719. And "where a remedy 'is expressly agreed to be exclusive, . . . it is the sole remedy.'"

22   *Frenzel*, 76 F. Supp. 3d at 1020. Thus, when an express warranty states "that a consumer's 'sole and

23   exclusive remedy' is the 'repair or replace[ment]' of the defective product" during the warranty period,

24   "these restrictions . . . extend to claims under the implied warranty of merchantability." *Id.*

25         In *Frenzel*, for example, plaintiff brought an implied warranty claim against the manufacturer of a

26   fitness-tracking wristband. *Id.* The wristband came with a one-year limited warranty limiting remedies to

27   ───────────────────────

28   [13] Carbon monoxide, formaldehyde, benzene, hexane, and toluene are included in Proposition 65. *See* Cal.
     Code Regs. Tit. 27, § 27001.

repair or replacement. *Id.* Plaintiff did not allege defendant refused to repair or replace his device during the warranty period, and thus his implied warranty claim failed. *Id.*[14]

Count II of the FAC fails for the same reason. Drake alleges he "relied on" the materials that came with his stove. (*See* FAC ¶ 40.) The Owner's Manual that came with the stove, which also was available online, contains a single-page limited warranty. (McCarthy Decl., Ex. A at p. 26.) The limited warranty is called out in bold in the Table of Contents. (*Id.* at p. 1.) The one-page warranty includes a bolded box in the middle of the page titled "**EXCLUSION OF IMPLIED WARRANTIES**." (*Id.* at p. 26.) The exclusion states that Drake's "sole and exclusive remedy is product repair as provided in this Limited Warranty." (*Id.*) The warranty period is one year. (*Id.*).

Nowhere does Drake allege facts showing he sought warranty service during the warranty period (or at any time), or that GE Appliances ever failed to provide warranty coverage. Thus, Drake "has not stated a claim for breach of the implied warranty of merchantability." *Frenzel*, 76 F. Supp. 3d at 1020; *see also Weeks v. Google LLC*, 2018 WL 3933398, at *9 (N.D. Cal. Aug. 16, 2018) (dismissing implied warranty claim when defendant complied with sole remedy of repair or replacement under limited warranty).[15]

### 2. Drake's U.C.C. implied warranty claim also fails for lack of privity.

In California, warranty claims under the U.C.C. require "vertical contractual privity with the defendant." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008). Consumers who buy their products from a third-party retailer are not in privity with the manufacturer. *Id.* ("[A]n end consumer such as Clemens who buys from a retailer is not in privity with a manufacturer."). Drake alleges he bought his gas stove from Poletski's Home Appliances, a third-party retailer. (FAC ¶ 39.) Thus, he has not alleged

---

[14] These requirements exist because a warrantor cannot be held liable every time a customer alleges a product-related issue. *See Crown Cell Inc. v. Ecovacs Robotics Inc.*, 2022 WL 4087512, at *5 (N.D. Cal. Sep. 6, 2022). Rather, "'the question is whether [plaintiff] sought [warranty coverage] and, if so, whether [defendant] responded appropriately under the warranty.'" *Id.*

[15] *See also Galitski v. Samsung Telecomms. Am., LLC*, 2013 WL 6330645, at *9 (N.D. Tex. Dec. 5, 2013) (dismissing state law U.C.C. implied warranty claim because plaintiffs did not "plausibly allege that, upon being given the opportunity, Samsung failed to repair or replace" their products under the express warranty); *Fishman v. Gen. Elec. Co.*, 2014 WL 1628369, at *4-5 (D.N.J. Apr. 23, 2014) (implied warranty claim failed because limited warranty provided "exclusive remedy," but plaintiffs failed to allege contacting GE within one year).

and cannot allege privity with GE Appliances, and Count II fails for this independent reason. *See Pascal v. Nissan N. Am., Inc.*, 2021 WL 8441763, at *11 (C.D. Cal. July 8, 2021) (dismissing implied warranty claim lacking privity); *Barrera*, 2018 WL 10759180, at *10-11 (similar).

Any attempt to skirt the privity requirement based on a third-party beneficiary exception fails. Courts in the Ninth Circuit have disagreed whether the exception even exists. *Compare In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 922 (N.D. Cal. 2018) (finding third-party beneficiary exception not foreclosed), *with Watkins v. MGA Ent., Inc.*, 574 F. Supp. 3d 747, 755-76 (N.D. Cal. 2021) (concluding that the third-party exception contradicts *Clemens*). Either way, Drake alleges no facts to support such an exception, because he does not allege any contract between GE Appliances and the retailer made expressly for his benefit, nor is he trying to enforce such a contract. *See, e.g.*, *McGill v. Ford Motor Co.*, 2024 WL 2941632, at *6 (N.D. Cal. June 11, 2024) ("Regardless of whether the Court applies the third-party beneficiary exception, Plaintiff's allegations are insufficient to state a claim.").

At oral argument on GE Appliances' previous motion to dismiss, Drake's counsel conceded the U.C.C. claim required privity and sought leave to amend. (ECF No. 40 (Reporter's Transcript) at p. 27.) But Drake's amended pleading adds no facts that even try to support a third-party beneficiary exception. (*See generally* ECF No. 53-1 (redline of FAC).)[16] Thus, the claim should be dismissed. *See Shay v. Apple Inc.*, 512 F. Supp. 3d 1066, 1077 (S.D. Cal. 2021) ("[T]he FAC fails to allege a contract between Apple and Walmart where Plaintiff is the intended beneficiary to the contract.").

**E.     Drake Has No Basis For Injunctive Relief.**

Drake also seeks injunctive relief on his implied warranty claims (FAC ¶¶ 43, 78), but he lacks standing to do so. To seek prospective injunctive relief, "the threat of injury must be actual and imminent, not conjectural or hypothetical." *Hanna*, 2020 WL 7345680, at *7 (quotations omitted). The "threatened injury must be *certainly impending*" and "allegations of *possible* future injury are not sufficient." *Id.* (quotations omitted; emphasis in original). Drake also must show that *he* is at risk of future injury *personally*. *See Hoffman v. Ford Motor Co.*, 2021 WL 3265010, at *10 (C.D. Cal. Mar. 31, 2021) ("Plaintiffs have failed to allege that *they* are at risk of future injury.") (emphasis in original). Courts

---

[16] The closest Drake gets is a conclusory allegation that he was a "foreseeable third-party beneficiar[y]," but that is all he alleged before. (*Compare* FAC ¶ 74, *with* Complaint ¶ 122 (ECF No. 1).)

routinely dismiss injunctive relief claims based on speculative allegations of future injury. *See, e.g.*, *Hanna*, 2020 WL 7345680, at *7 (rejecting allegation that plaintiff "may purchase" product in the future if it were reformulated); *Levay Brown v. AARP, Inc.*, 2018 WL 5794456, at *3 (C.D. Cal. Nov. 2, 2018) ("'some day' intentions" are insufficient); *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1108 (N.D. Cal. 2017) (rejecting allegation that plaintiff would "consider" purchasing product in future "if" changed).

Drake's "someday" allegations (FAC ¶ 43) confirm he lacks standing, as his conjecture about future injury is based on the hypothetical "prospect" of harm, "entirely dependent" on some speculative event. *See Ketayi v. Health Enrollment Grp.*, 2021 WL 2864481, at *9 (S.D. Cal. July 8, 2021) (dismissing injunctive relief claims because plaintiffs did not "explicitly allege" they were in the market for the challenged product or any concrete future purchase plan). Like the plaintiff in *Ketayi*, Drake does not allege that he presently seeks to buy a new stove. (FAC ¶ 43.) Instead, he claims he *might* buy another stove "in the future" because stoves do not last forever. (*Id.*) But he does not state when he will replace his stove purchased in 2022,[17] that he will choose another GE Appliances stove, or even that he will buy another gas stove. (*Id.*) Thus, there are multiple grounds to "discount" Drake's allegation that he faces any threat of future harm, let alone an imminent and concrete threat. *See Hanscom v. Reynolds Consumer Prods. LLC*, 2022 WL 591466, at *5 (N.D. Cal. Jan. 21, 2022) ("Plaintiff has not alleged any underlying belief in the utility of the [products] . . . that supports her alleged desire to purchase [them] in the future.").

**F.    The Nationwide Class Allegations Should Be Stricken.**

Rule 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Roberts v. Wyndham Int'l, Inc.*, 2012 WL 6001459, at *3 (N.D. Cal. Nov. 30, 2012). Similarly, Rule 23(d)(1)(D) "provides that the court may 'require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly.'" *Roberts*, 2012 WL 6001459, at *3. Thus, "the court may strike class allegations if the complaint plainly reflects that a class action cannot be maintained." *Id.*; *see also Ruegsegger v. Caliber Home Loans*, 2019 WL 8163640, at *6 (C.D. Cal. Jan. 8, 2019) (courts in the Ninth Circuit strike class allegations when it is clear from the pleadings that a class cannot be certified) (citing

---

[17] FAC ¶ 39 (alleging Plaintiff bought his GE Appliances stove in November 2022).

1   *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009)).

2      Drake is the only plaintiff, alleging domicile, purchase, and injury in California. (*See* FAC ¶¶ 6, 11,

3   39.) Yet he seeks to represent a putative nationwide class as to his implied warranty claim under the U.C.C.

4   (*See id.* ¶¶ 68-69.) He cannot do so for two main reasons.

5      **1.      The Court should strike the nationwide class allegations for lack of standing.**

6      "Courts routinely dismiss claims for lack of subject-matter jurisdiction where no plaintiff is alleged

7   to reside in a state whose laws the class seeks to enforce because the named plaintiff lacks standing to

8   invoke the foreign [law].'" *Carpenter v. Petsmart, Inc.*, 441 F. Supp. 3d 1028, 1038 (S.D. Cal. 2020)

9   (quotations omitted) (citing *Harris v. CVS Pharmacy, Inc.*, 2015 WL 4694047, at *4 (C.D. Cal. Aug. 6,

10   2015), and *In re Aftermarket Auto. Lighting Products Antitrust Litig.*, 2009 WL 9502003, at *6 (C.D. Cal.

11   July 6, 2009)). The Court "should address standing prior to class certification." *Broomfield v. Craft Brew*

12   *All., Inc.*, 2017 WL 3838453, at *14 (N.D. Cal. Sep. 1, 2017) (citing *Easter v. Am. W. Fin.*, 381 F.3d 948,

13   962 (9th Cir. 2004)). Indeed, "California district courts frequently address the issue of Article III standing

14   at the pleading stage and dismiss claims asserted under the laws of states in which no plaintiff resides or

15   has purchased products." *Carpenter*, 441 F. Supp. 3d at 1039 (collecting examples). Thus, "'[w]here a

16   representative plaintiff is lacking for a particular state, all claims based on *that* state's laws are subject to

17   dismissal.'" *Bryan v. Del Monte Foods*, Inc., 2023 WL 4758452, *3 (N.D. Cal. July 25, 2023) (emphasis

18   in original); *see also Granfield v. Nvidia Corp.*, 2012 WL 2847575, at *4 (N.D. Cal. July 11, 2012) ("'each

19   class member's consumer protection claim should be governed by the consumer protection laws of the

20   jurisdiction in which the transaction took place'").

21      Drake alleges a nationwide breach of implied warranty claim under the U.C.C. (*See* FAC ¶¶ 68-

22   69.) Yet he alleges that he is a California citizen and suffered injury in California only. (*Id.* ¶¶ 6, 11, 39.)

23   Based on these allegations, Drake "lacks standing to bring claims under the laws of states other than

24   California[,]" as the Court held when dismissing his consumer protection claims under the laws of

25   Connecticut, Illinois, and other states. (MTD Order at p. 9.) *See also Przybylak v. Bissell Better Life, LLC*,

26   2019 WL 8060076, at *3-4 (C.D. Cal. July 19, 2019) (finding plaintiffs lacked standing to bring claims for

27   breach of express and implied warranties, unjust enrichment, negligent misrepresentation, and fraud claims

28   under the laws of other states besides their own); *Mollicone v. Universal Handicraft, Inc.*, 2017 WL

15

440257, at *9-10 (C.D. Cal. Jan. 30, 2017) ("the majority of courts to consider this question" have found all claims based on state law subject to dismissal where a representative plaintiff is lacking); *Jones v. Micron Tech., Inc.*, 400 F. Supp. 3d 897, 908-911 (N.D. Cal. 2019) (holding that plaintiffs "do not have standing to bring claims under the laws of states where they have alleged no injury, residence, or other pertinent connection").

Drake cannot evade the standing requirement by pointing to his class allegations. "That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (quoting *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 40 n.20 (1976)). Thus, as the *Carpenter* court held, it is irrelevant that "the FAC frames the putative classes as a nationwide class and a California subclass," because "there is no claim that governs a nationwide class." 441 F. Supp. 3d at 1039.

By alleging a nationwide class, what Drake is "attempting to do" is assert his common law implied warranty claim "on behalf of fifty separate state-specific classes." *Carpenter*, 441 F. Supp. 3d at 1039 (dismissing common-law claims asserted on behalf of a nationwide class). This is improper because Drake lacks standing to invoke the law of any state besides his own. *See id.* at 1041 ("The question here is whether [plaintiff] has standing to assert claims on behalf of unnamed class members under other state's laws that do not govern his own claims. He does not."). Because Drake lacks standing to bring claims under any state law besides California, his nationwide class allegations should be stricken or dismissed. *See Vitiosus v. Alani Nutrition, LLC*, 2022 WL 2441303, at *10 (S.D. Cal. July 5, 2022) ("There are no claims that would apply to a nationwide class. It is neither prudent nor necessary to defer until class certification.").

### 2. Choice-of-law principles also preclude a nationwide action.

The FAC does not allege what state law applies to the claim asserted on behalf of the putative nationwide class, which alone requires dismissal. *See In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d at 933 (dismissing common-law claim because plaintiffs did not identify any law but asserted the claim on behalf of a nationwide class); *Nguyen v. Nissan N. Am., Inc.*, 2017 WL 1330602, at *5 n.2 (N.D. Cal. Apr. 11, 2017) ("Plaintiff brings this common law cause of action on behalf of a nationwide class, but

1   Plaintiff does not specify which state's (or states') law Plaintiff intends to apply to this cause of action.");

2   *Van Mourik v. Big Heart Pet Brands, Inc*., 2018 WL 1116715, at \*2 (N.D. Cal. Mar. 1, 2018) (concluding

3   similarly); *Augustine v. Talking Rain Bev. Co.*, 386 F. Supp. 3d 1317, 1333 (S.D. Cal. 2019) (holding

4   similarly; dismissing implied warranty claims, among others).

5         Drake also cannot assert California implied warranty claims on behalf of a putative nationwide

6   class, because choice-of-law principles preclude a nationwide class in this circumstance. There are

7   material differences in state laws, states have a compelling interest in applying their own laws, and those

8   interests are impaired by applying a foreign state's laws. The Ninth Circuit has held that variations in state

9   law pose insurmountable problems for proposed "nationwide" claims asserted under a single state's law,

10  like any implied warranty claim Drake tries to assert here. *See Mazza v. Am. Honda Motor Co.*, 666 F.3d

11  581, 589-94 (9th Cir. 2012) (holding that the district court erred because it erroneously concluded that

12  California law could apply to the entire nationwide class), *overruled in part on other grounds by Olean*

13  *Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 682 n.32 (9th Cir. 2022).

14        Although *Mazza* reviewed a class-certification order, courts have repeatedly held that a similar

15  determination can and should be made on the pleadings. *Jackson v. Suzuki Motor of Am., Inc.*, 2024 U.S.

16  Dist. LEXIS 120502, at \*27-28 (C.D. Cal. July 9, 2024) (agreeing with the "numerous courts" that have

17  applied "*Mazza* at the pleading stage"); *Cover v. Windsor Surry Co.*, 2016 WL 520991, at \*5 (N.D. Cal.

18  Feb. 10, 2016) ("*Mazza* is 'not only relevant but controlling,' even at the pleading phase."); *Davison v.*

19  *Kia Motors Am., Inc.*, 2015 WL 3970502, at \*3 (C.D. Cal. June 29, 2015) (dismissing "nationwide" claims

20  at pleading stage); *Pardini v. Unilever US, Inc.*, 961 F. Supp. 2d 1048, 1061 (N.D. Cal. 2013) (same);

21  *Vinci v. Hyundai Motor Am.*, 2018 WL 6136828, at \*7-10 (C.D. Cal. Apr. 10, 2018) (same).

22        In Count II, Drake alleges a generic U.C.C. implied warranty claim on behalf of a putative

23  nationwide class. (FAC ¶¶ 68-69.) Under *Mazza*, *Jackson*, *Davison*, *Vinci*, and similar authorities, this

24  nationwide claim should be dismissed or stricken. "Over the past several decades, California courts have

25  resolved choice of law questions using the 'governmental interest' analysis." *Vinci*, 2018 WL 6136828, at

26  \*5. The analysis has <u>three</u> prongs, each of which supports dismissal.

27        ***First***, there are material differences in the warranty laws of the fifty states. *See, e.g.*, *Vinci*, 2018

28  WL 6136828, at \*7-8 (finding material differences between and among 50 states' breach of warranty laws

under governmental interest analysis); *Jackson*, 2024 U.S. Dist. LEXIS 120502, at *25 ("there are material differences between California warranty law and all the other states' warranty laws, as to various elements including privity, reliance, notice, etc."); *Darisse v. Nest Labs, Inc.*, 2016 WL 4385849, at *12-13 (N.D. Cal. Aug. 15, 2016) (finding "significant differences" in the implied warranty laws of the fifty states); *see also* McCarthy Decl., Ex. B.[18]

**Second**, "each of the other forty-nine states has an interest in applying its own laws to the [products] purchase[d] within their borders." *Vinci*, 2018 WL 6136828, at *9. And as *Mazza* recognized, this interest is "predominant." 666 F.3d at 592 ("a jurisdiction ordinarily has the predominant interest in regulating conduct that occurs within its borders.") (quotation omitted); *accord Zinser v. Accufix Rsch. Inst.*, 253 F.3d 1180, 1187 (9th Cir. 2001) ("every state has an interest in having its law applied to its resident claimants"). Thus, "foreign states 'obviously have an interest in having their own laws applied to the consumer transactions that took place within their borders." *Vinci*, 2018 WL 6136828, at *9.

**Third**, the "state impairment" prong favors applying the laws of each state, rather than California (or another foreign state) law on a nationwide basis. Indeed, "since Plaintiff[] ha[s] brought a nationwide class action, [his] claim encompasses class members who reside and have purchased their [products] outside of California, and therefore California's interest in applying its law with respect to those members is outweighed by the interests of the other forty-nine states' interest in applying their laws to protect consumers with their borders." *Vinci*, 2018 WL 6136828, at *9 (citing *Mazza*, 666 F.3d at 594).

In sum, because of the material differences in state laws, states' interests in applying their own laws, and states' impaired ability to protect consumers within their borders if a foreign state's law were to apply, Drake's nationwide U.C.C. claim is unauthorized. For this independent reason, the nationwide class allegations should be stricken or dismissed. *See, e.g.*, *Hageman v. Hyundai Motor Am.*, 2024 WL 694378, at *3 (C.D. Cal. Jan. 5, 2024) ("[T]he propriety of a nationwide class in this case presents identically to

---

[18] GE Appliances has attached a chart showing material differences and variation between and among the fifty states' breach of implied warranty laws. (*See* McCarthy Decl., Ex. B.) Courts routinely rely on such charts for this analysis. *See, e.g.*, *McKinney v. Corsair Gaming, Inc.*, 646 F. Supp. 3d 1133, 1142 (N.D. Cal. Dec. 16, 2022) ("Corsair provides an appendix noting the differences between consumer protection regimes in each state[.]"); *Vinci*, 2018 WL 6136828, at *7 ("Defendant attaches extensive charts depicting differences in the laws of . . . warranty of each state.").

1    *Mazza* in material respects, and it would 'make little sense' to 'wait until class certification proceedings to

2    resolve it given the burdens class certification and other class-related discovery imposes on parties.'")

3    (citing *Phan v. Sargento Foods, Inc.*, 2021 WL 2224260, at *6 (N.D. Cal. June 2, 2021)).

### V.    **CONCLUSION**

Drake's lawsuit seeks to put an entire industry on trial, which is inherently inconsistent with an unmerchantability claim. As the case law shows, "unmerchantability" requires Drake to identify something about his GE Appliances stove that deviates from the standard performance of like gas stoves in the market. But rather than allege facts showing deviation, he expressly alleges there is none. He also alleges no facts showing that use of *his* gas stove in *his* kitchen has been impossible, unsafe, or hindered in any way. And even if Drake could overcome those threshold bars, his claims still fail for several other independent reasons—including his repeated attempt to circumvent Proposition 65, his failure to ever seek warranty coverage, his lack of privity, his lack of standing to seek injunctive relief, and his inability to represent a nationwide class. The FAC should be dismissed in its entirety and with prejudice.

Dated: August 2, 2024                     GREENBERG TRAURIG, LLP

By: */s/ Robert J. Herrington*
　　　Robert J. Herrington
　　　Attorneys for Defendant HAIER US APPLIANCE
　　　SOLUTIONS INC. d/b/a GE APPLIANCES